1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARY WALLACE WILLIAMS,     )
            )
     Petitioner,     )     2:98-CV-0056-PMP-VCF
            )
vs.           )
            )     **ORDER**
RENEE BAKER, *et al.*,     )
            )
     Respondents.     )
            )
_____/

Petitioner Williams has filed a motion seeking relief from the order and judgment denying his petition for writ of habeas corpus. ECF No. 198. Relying on Fed. R. Civ. P. 59(e), he makes the following arguments: (1) this court erroneously excluded evidence in denying Claims One(B) and One(G) of his petition; (2) the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), must be applied to this court's consideration of Claims One(B) and One (G), and to Williams's motion for an evidentiary hearing; (3) this court, in deciding Claim One(A), erroneously gave deference to the Nevada Supreme Court's conclusion that evidence of Williams's alleged brain damage would not have impacted the outcome of his penalty hearing; (4) this court erred in denying Claim One(F) without benefit of an evidentiary hearing; and (5) this court should reconsider its

denial of equitable tolling.   Respondents have filed an opposition to the motion (ECF No. 203), in response to which Williams has filed a reply (ECF No. 206).

I. *Procedural Background*.

In December 1982, Williams entered a pleas of guilty to burglary, murder in the first degree, and manslaughter in relation to the killing of a pregnant woman in her Reno home.  In January 1983, after a penalty hearing before a three-judge panel, Williams was sentenced to death, the panel having found four aggravating circumstances and no mitigating circumstances.

Williams appealed to the Nevada Supreme Court.  While the appeal was pending, Williams filed, in February 1983, a petition for post-conviction relief in the Second Judicial District Court for Nevada.  In November 1984, the district court held an evidentiary hearing on the claims raised in the petition.  When the district court denied relief, Williams appealed to the Nevada Supreme Court.  The Nevada Supreme Court consolidated the proceedings on direct appeal and collateral review, and affirmed the conviction and sentence and the denial of post-conviction relief. *Williams v. State*, 737 P.2d 508 (Nev. 1987).

In September 1987, Williams filed a federal habeas petition this court that was assigned case number CV-N-87-471-ECR.  After that case was dismissed without prejudice, Williams filed, in July 1988, another petition for post-conviction relief in the Second Judicial District Court.  The state district court promptly dismissed that petition without holding an evidentiary hearing on the ground that it was filed in the wrong district.  Williams filed a notice of appeal to the Nevada Supreme Court and a petition for writ of habeas corpus in the First Judicial District Court for Nevada.

The First Judicial District Court denied the habeas petition on the ground that the claims contained therein had already been rejected by the Nevada Supreme Court.  Williams filed a notice of appeal.  In July 1988, the Nevada Supreme Court consolidated the appeals from the First and Second Judicial District Courts and dismissed them.  Williams then filed a federal habeas petition in this court that was assigned case number CV-S-88-928-LDG(LRL).

In June 1989, this court granted Williams's motion for leave to return to state court claiming that he entered his guilty plea to the murder based on sworn statements of a witness who made subsequent sworn statements that the earlier statements were false and were motivated by the witness's desire to earn a lesser prison sentence.  After unsuccessfully seeking relief in the Nevada courts, Williams filed, in November 1990, a second amended federal petition in this court.

In December 1992,  Williams filed a petition for writ of habeas corpus in the Seventh Judicial District Court for Nevada.  In April 1993, this court dismissed the federal petition without prejudice. In July 1993, Williams filed an amended petition for post-conviction relief in the state proceeding.

In December 1995, the state district court held an evidentiary hearing on Williams's first amended petition.  In August 1996, the court granted the State's motion to dismiss on the ground that the issues were without merit because they had already been presented or should have been presented in previous petitions.  Williams filed an appeal that was dismissed by the Nevada Supreme Court in August 1997.

In April 1998, this court granted Williams leave to file the federal petition initiating the instant action.  In September 1999, Williams filed an amended petition for writ of habeas corpus, which was followed by a second amended petition in May 2002.  In May 2003, pursuant to a stipulation by the parties, the court held this proceeding in abeyance to allow another attempt at exhaustion.

In March 2003, Williams filed a state habeas petition in the Second Judicial District Court. In December 2004, the state court denied relief without setting an evidentiary hearing, stating that the petition was untimely and "failed to plead facts which would support a finding of good cause and prejudice."  After Williams appealed, the Nevada Supreme Court issued, in December 2006, an Order of Affirmance concluding that the burglary and robbery aggravators should be stricken pursuant to *McConnell v. State*, 102 P.3d 606 (Nev. 2004).  Even so, the state supreme court

reweighed the remaining aggravators (i.e., torture and depravity of mind and avoidance of lawful arrest) and concluded beyond a reasonable doubt that the three-judge sentencing panel still would have found Williams death eligible and imposed a death sentence.

Both parties filed a petition for rehearing.  In January 2007, the Nevada Supreme Court denied both petitions.  Williams then filed a petition for rehearing *en banc*.  In an order entered in July 2007, the state supreme court denied *en banc* reconsideration.  In doing so, the court explained at length why it determined that one of Williams's ineffective assistance claims was procedurally barred notwithstanding Williams's argument that he could demonstrate a fundamental miscarriage of justice.

In September, 2007, this court granted Williams's motion to reopen these proceedings; and, in October 2007, Williams filed his third amended petition for writ of habeas corpus.  ECF Nos. 134/135.  In August 2008, respondents filed a motion to dismiss contending that several claims in the petition are either barred by the doctrine of procedural default or time-barred by 28 U.S.C. § 2244(d).  ECF No. 145.  Pursuant to that motion, this court dismissed several claims from the amended petition.  ECF No. 165.

In March 2011, this court denied Williams's motion for an evidentiary hearing in relation to his petition.  ECF No. 187.  On August 2, 2012, the court entered an order addressing the merits of Williams's remaining claims - i.e., Claims One(A, B, F, G), Two, Four, Eight and Sixteen.  ECF No. 196.  The court denied William's third amended petition; and, the Clerk entered judgment that same day.  ECF No. 197.  Having considered each of Williams's arguments the court finds and concludes as follows.

II. *Rule 59(e) standard*.

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment.  "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in

4

granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam) (internal quotation marks omitted).  Even so, amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).  Generally speaking, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.  *Id.*

III. *Discussion*.

A.  Exclusion of evidence related to Claims One(B) and One(G).

Williams argues that this court erred in denying Claims One(B) and One(G) without considering evidence proffered in support of those claims.  The court excluded that evidence from consideration because Williams was not diligent in presenting the evidence to state court.  More specifically, the court relied *Williams v. Taylor*, 529 U.S. 420 (2000) to conclude that Williams attempt to present the evidence to this court was subject to the requirements of 28 U.S.C. § 2254(e)(2) because, by failing to present the evidence "in the manner prescribed by state law," he "contribut[ed] to the absence of a full and fair adjudication in state court."  ECF No. 187, p. 6-7 (citing *Williams*, 529 U.S. at 437).

Section 2254(e)(2) provides as follows:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

(A) the claim relies on- (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

5

1

2   Although Williams does not dispute that he did not present the evidence to the state court until his

3   final state post-conviction proceeding, a proceeding in which his claims were rejected on adequate

4   and independent procedural grounds, he argues that such presentation was sufficient to bypass the

5   restrictions of § 2245(e)(2).

6        In making this argument, he relies on *Pinholster v. Ayers*, 590 F.3d 651 (9th Cir. 2009), for

7   the proposition that relevant proceeding to determine diligence is the *final* state habeas proceeding.

8   In that case, the court of appeals appeared to condone the proffer of additional evidence in support

9   of a claim in second state habeas proceeding petition even though the petitioner had presented the

10  same claim in his initial state proceeding.  *See Ayers*, 590 F.3d at 659-60.  The case is clearly

11  distinguishable, however, inasmuch as the state court in the second proceeding issued a decision on

12  the merits of the claim at issue.  *See id.* at 663.  Thus, *Ayers* does not compel reconsideration of this

13  court's application of § 2254(e)(2) to Williams's request for an evidentiary hearing.

14       Williams also cites *Phillips v. Woodford*, 267 F.3d. 966 (9th Cir. 2001), as support for this

15  argument.  In *Phillips*, the Ninth Circuit held that the petitioner was entitled to an evidentiary

16  hearing in federal court on a particular ineffective assistance claim even though he had not presented

17  the claim in his first two state post conviction proceedings, each of which involved an evidentiary

18  hearing.  267 F.3d at 974.  For the court in *Phillips*, the fact that the state court denied the

19  petitioner's request for a hearing to develop the claim in a subsequent proceeding was sufficient to

20  demonstrate cause for his failure to develop the claim in state court.  *Id.*[1]

21       Unlike the instant case, neither the State nor the state court orders in *Phillips* cited a

22

23       [1]     Because the court determined that the substantive provisions of AEDPA did not govern
         Phillips's appeal, the court did not apply 28 U.S.C. § 2254(e)(2) in deciding whether he was entitled to
24       an evidentiary hearing in federal court.  *Phillips*, 267 F.3d at 973.  Even so, the result would have likely
         been the same under AEDPA inasmuch as the opening of clause of 28 U.S.C. § 2254(e)(2) is considered
25       to be a codification of the threshold standard of diligence set forth in *Keeney v. Tamayo-Reyes*, 504 U.S.
         1, 8-10 (1992).  *Williams*, 529 U.S. at 421.

26

procedural rule that might have justified the denial of an evidentiary hearing on the claim at issue. 267 F.3d at 974 n.3. That omission served as part of the basis upon which the Ninth Circuit held that the State's denial of an evidentiary hearing constituted "cause" for Phillips's failure to develop his claim in state court. *Id*. at 976. The court suggested, however, that the same result would obtain even if the state court had cited one of California's procedural rules because "none of them constituted an independent and adequate state ground barring federal review at the time Phillips made his request for a hearing." *Id*. at 975. Here, by contrast, the state court cited a procedural rule as the basis for dismissing Williams's petition; and, that rule was an adequate and independent ground for barring federal review. See exhibits at ECF No. 145-2. Thus, *Phillips* is also unavailing as grounds for reconsideration.

B. *Martinez v. Ryan*.

Next, Williams argues that this court must reconsider the denial of Claims One(B) and One (G) and the denial of Williams's motion for an evidentiary hearing in light of the Supreme Court's holding in *Martinez*. In *Martinez*, the Court held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. Williams argues that, by logical extension, ineffective assistance of post-conviction counsel can also serve as "cause" for a habeas petitioner's failure to fully develop the factual basis for his claims in state court.

While Williams cites to no case that has explicitly made such a holding, this court agrees that the argument has at least some merit. *See Keeney v. Tamayo-Reyes*, 504 U.S. at 7-8 (noting the irrationality of distinguishing "between failing to properly assert a federal claim in state court and failing in state court to properly develop such a claim"). The problem for Williams, however, is that *Martinez* is a "narrow" holding that "[i]nadequate assistance of counsel at *initial-review* collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective

1   assistance at trial." *Martinez*, 132 S.Ct. at 1315 (emphasis added).  "The holding . . . does not

2   concern attorney errors in other kinds of proceedings, including appeals from initial-review

3   collateral proceedings, second or successive collateral proceedings, and petitions for discretionary

4   review in a State's appellate courts." *Id.* at 1320.

5         Accordingly, ineffective assistance of counsel could possibly serve as justification for

6   Williams failure to factually develop his claims the post-conviction proceeding initiated in February

7   1983, but it would not excuse his failure to factually develop his claims in subsequent proceedings.

8   As recounted above, Williams had opportunities to do so prior to filing his final, procedurally-

9   defaulted petition, most notably in the proceeding he initiated in 1992, which resulted in an

10  evidentiary hearing in 1995.  Thus, *Martinez* does not provide reason for this court to alter or amend

11  its judgment.

12              C.  Deference to state court's conclusion regarding alleged brain damage.

13        Williams argues that, in ruling upon Claim One(A) of his petition, this court should not have

14  deferred to the Nevada Supreme's Court's conclusion that Williams did not suffer prejudice as a

15  result of trial counsel's failure to present brain damage evidence at the penalty hearing.  In Claim

16  One(A), Williams claimed that he received ineffective assistance of counsel because his counsel

17  failed to have him examined by a competent neuropsychologist prior to trial and present the results

18  of such an examination to the sentencing panel.  Addressing whether Williams's procedural default

19  of the claim should be excused, the Nevada Supreme Court was "not persuaded that even assuming

20  trial counsel had discovered and presented the brain damage evidence Williams now [relies upon]

21  that it had a reasonable probability of altering the outcome of the penalty hearing."  ECF No. 136-4,

22  p. 516.

23        Based on its review of Williams's proffered evidence, this court concluded that, under 28

24  U.S.C. § 2254(d), it must defer to the state court's determination.  That is, Williams had not shown

25  that the state court's rejection of the claim was contrary to, or an unreasonable application of, clearly

26

8

1   established federal law, as determined by the Supreme Court, or that the state court's ruling was

2   based on an unreasonable determination of the facts in light of the evidence presented in the state

3   court proceeding.  Williams argues that this court erred in deferring the Nevada Supreme Court's

4   decision because the state court applied a more stringent "actual innocence" standard (rather than the

5   standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984)) and also failed to consider "a

6   plethora of clearly established federal law indicting the profound impact that the existence of brain

7   damage has upon the sentencer in a death penalty case."  ECF No. 198, p. 32.

8          In actuality, the Nevada Supreme Court concluded the "actual innocence" standard was not

9   applicable Williams's claim.  ECF No. 136-4, p. 515.  Without question, the state supreme court

10  applied a cause and prejudice analysis to the claim.  *Id*, p. 515-16.  And, because the state supreme

11  court employed the "reasonable probability" standard in determining prejudice, this court did not err

12  in deferring to that determination.  *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that AEDPA

13  deference is afforded where the state court applies a standard that is the functional equivalent of the

14  federal standard).

15         As for Williams's claim that the Nevada Supreme Court overlooked countervailing precedent

16  regarding the importance of mental health evidence, the primary cases that he cites – *Porter v.*

17  *McCollum*, 558 U.S. 30 (2009), and *Sears v. Upton*, 130 S.Ct. 3259 (2010) – had yet to be decided at

18  the time the court rendered its decision.   In summary, this court stands by its decision that Claim

19  One(A) does not provide a basis for habeas relief because Williams cannot "show that the state

20  court's ruling on the claim being presented in federal court was so lacking in justification that there

21  was an error well understood and comprehended in existing law beyond any possibility for

22  fairminded disagreement."  *Harrington v. Richter*, 131 S.Ct. 770, 786-87 (2011).

23                D.   Denial of Claim One(F) without benefit of an evidentiary hearing.

24         Williams argues that this court erred in its treatment of Claim One(F).  In that claim,

25  Williams asserted that his trial counsel was ineffective in failing to present available mitigation

26

9

evidence during the penalty phase of his trial.  Specifically, he alleged that his upbringing was far more bleak than what counsel presented at his penalty hearing and, as support for the claim, he set out a very detailed social history, based primarily on declarations of relatives and acquaintances, along with records from the juvenile court in Los Angeles County.

In reviewing Claim One(F) *de novo*, this court concluded that Williams had shown neither deficient performance nor prejudice under *Strickland*.  ECF No. 196, p. 15.  Williams contends that this court ignored important evidence and erred in not holding an evidentiary hearing so he could demonstrate the compelling nature of evidence omitted by trial counsel.

Notwithstanding Williams's assertion to the contrary, this court considered all of his proffered evidence at face value.  The arguments Williams advances in support of his request were either raised or available to be to raised in prejudgment briefing.  A Rule 59(e) motion "should not be used to ask the court to rethink what the court has already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (omitting internal citations and quotation marks).  In short, the Williams has presented nothing with his current motion, in relation to Claim One(F), that would justify the granting of relief under Rule 59(e).  *See Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir.1993) (noting that mere disagreement with how the district court applied a legal standard does not support a motion to amend the judgment).

E.  Court should revisit the issue of equitable tolling.

Williams also asks the court to reconsider its decision to deny equitable tolling with respect to the period between August 29, 1998 (the expiration date of his one-year period under 28 U.S.C. § 2244(d)), and September 19, 1999 (the date Williams filed his first amended petition).  Specifically, Williams asks the court to consider the factors argued in his supplemental opposition to the respondents' motion to dismiss (ECF No. 194, p. 91- 110), including Williams's lack of counsel for four months subsequent to his submission of the initial *pro se* petition, his detrimental reliance on the "standard procedure" this district allegedly used at the time to adjudicate capital habeas cases,

1    and the State's acquiescence in allowing Williams extensions of time.

2         In its order ruling upon the State's motion to dismiss, this court gave its reasons for rejecting

3    the notion that Williams is entitled to equitable tolling due to the scheduling procedures employed

4    by the court.  ECF No. 165, p. 16-17.  Nothing in the points and authorities supporting Williams's

5    current motion compels this court to alter that analysis.  Likewise, Williams has not cited persuasive

6    authority establishing that the State's complicity in allowing extensions of time provides grounds for

7    equitable tolling.  As for the Willams's argument regarding lack of counsel, the court notes that,

8    even with four months of tolling, his amended petition was still filed well beyond the expiration of

9    the statutory period.  Consequently, the court's determinations in relation to equitable tolling shall

10   not be disturbed.

11              F.  Expansion of the certificate of appealablity.

12        Finally, Williams requests, as alternative relief, that the court expand the certificate of

13   appealability (COA) issued with its final order.  Pursuant to 28 U.S.C. § 2253(c)(2), a COA may

14   issue only when the petitioner "has made a substantial showing of the denial of a constitutional

15   right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable

16   jurists would find the district court's assessment of the constitutional claims debatable or wrong."

17   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4

18   (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether

19   the petition states a valid claim of the denial of a constitutional right and (2) whether the court's

20   procedural ruling was correct.  *Id.*

21        The COA standard is not high.  Williams must only "'sho[w] that reasonable jurists could

22   debate'" the district court's resolution or that the issues are "'adequate to deserve encouragement to

23   proceed further.'"  *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (citations

24   omitted).  Having once again reviewed its determinations and rulings in adjudicating this case, the

25   court concludes that two issues should be added to the COA issued with the court's final order.

26

                                             11

First, reasonable jurists could debate whether Williams failed to develop the factual basis for certain claims in state court, thereby invoking the restrictions on an evidentiary hearing set forth at 28 U.S.C. § 2254(e)(2).  Second, Williams has cited to cases from other circuits  – namely, *Jackson v. Kelly*, 650 F.3d 477 (4th Cir. 2011) and *Prieto v. Quarterman*, 456 F.3d 511, 515 (5th Cir. 2006) – that suggest that Williams should be granted equitable tolling due to his reliance on the court's scheduling orders and the State's acquiescence in the late filing of his amended petition.  The court therefore grants a certificate of appealability as to those issues.  The court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Williams's other habeas claims.

**IT IS THEREFORE ORDERED** that petitioner's corrected motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (ECF No. 198) is GRANTED in part.  The court's order of August 2, 2012 (ECF No. 196), denying petitioner's application for habeas relief, is amended to grant a COA with respect to  the following issues:

> Whether the district court erred in applying 28 U.S.C. § 2254(e)(2) to deny petitioner's request for an evidentiary hearing.

> Whether the district court erred by not granting equitable tolling for the period between August 29, 1998, and September 19, 1999.

In all other respects, petitioner's motion (ECF No. 198) is DENIED.

DATED: February 10, 2013

_____
UNITED STATES DISTRICT JUDGE

12