# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARY WALLACE WILLIAMS,

              Petitioner,

v.

TIMOTHY FILSON, et al.,

              Respondents.

Case No.: 2:98-cv-00056-APG-VCF

**ORDER**

On November 9, 2018, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming in part and reversing in part this court's final order denying habeas relief. *Williams v. Warden*, 908 F.3d 546 (9th Cir. 2018). The reversed rulings involve this court's denial of equitable tolling as to certain claims and the denial of an evidentiary hearing on a penalty-phase ineffective assistance of counsel claim. This order addresses each matter in turn and schedules initial proceedings to be conducted in accordance with the remand.

    1. *Claims erroneously denied as untimely*

The court of appeals determined that, contrary to this court's ruling, petitioner is entitled to equitable tolling from August 29, 1998, to September 17, 1999. *Id*. at 561. Accordingly, the court of appeals remanded for further proceedings the claims this court found untimely based on the assumed untimeliness of petitioner's September 1999 amended petition: Claims 1(C), 1(D), 1(E), 1(H), 1(I), 1(J), 9, and 14.[1] *Id*. The court of appeals further noted that Claims 1(D), 1(E), 1(H), 1(I), and 1(J) are ineffective assistance of trial counsel claims that were procedurally defaulted under state law. *Id*. n.1. For those claims, the court of appeals noted this this court's

---

[1] These claims are repeated under the same claim number in petitioner's third amended petition. ECF No. 135.

"first order of business" is "to determine whether the default is excused under the rule established in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)." *Id*.

In *Martinez*, the Supreme Court created a narrow, equitable exception to the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), that attorney error cannot provide cause for a procedural default if a petitioner had no constitutional right to counsel in a proceeding in which the default occurred. 566 U.S. at 9. The Supreme Court held that in some cases a petitioner can establish cause for a procedural default where his or her post-conviction counsel failed to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings. *Id*. at 16–17.

The question whether Claim 1(D), 1(E), 1(H), 1(I), or 1(J) presents a "substantial" claim of ineffective assistance of trial counsel is intertwined with the ultimate merit of each claim. Thus, rather than conduct two separate rounds of briefing, I will direct respondents to file an answer to Claims 1(C), 1(D), 1(E), 1(H), 1(I), 1(J), 9, and 14. In addition to addressing the merits of each of the seven claims, respondents shall present, within their answer, arguments as to why the procedural default of Claims 1(D), 1(E), 1(H), 1(I), and 1(J) should not be excused under *Martinez*. Petitioner will then have an opportunity to file a reply, in response to which respondents may file a sur-reply.

    2. *Evidentiary hearing*

The court of appeals also determined that this court abused its discretion by not granting an evidentiary hearing with respect to Claim 1(F). *Williams*, 908 F.3d at 571. In Claim 1(F), petitioner alleges he received ineffective assistance of counsel due to counsel's failure to investigate and present mitigating evidence regarding his childhood. ECF No. 135, p. 35–54. The court of appeals directed this court to conduct an evidentiary hearing to develop evidence in

relation to Claim 1(F) and, thereby, determine whether petitioner is entitled to habeas relief on the claim. 908 F.3d at 571.

Because it is yet to be determined whether other claims or issues on remand may also necessitate an evidentiary hearing, I will defer the scheduling of a hearing on Claim 1(F). In the meantime, however, the parties are urged to begin preparing for the hearing on Claim 1(F) by identifying relevant facts in dispute, assembling evidence, and considering any pre-hearing motions that may need to be filed.

IT IS THEREFORE ORDERED that the respondents shall file an answer within 60 days of entry of this order that responds to Claims 1(C), 1(D), 1(E), 1(H), 1(I), 1(J), 9, and 14 of petitioner's third amended habeas petition (ECF No. 135) and presents argument why the procedural default of Claims 1(D), 1(E), 1(H), 1(I), and 1(J) should not be excused under *Martinez*. Thereafter, Petitioner shall file a reply to the respondents' answer with 60 days. Respondents will then have 45 days within which to file a sur-reply.

Dated: December 13, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE