UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cary Wallace Williams,<br><br>       Petitioner,<br> v.<br><br>William Gittere,[1] et al.,<br><br>       Respondents. | Case No. 2:98-cv-00056-APG-VCF<br><br>**Order** |

On November 9, 2018, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming in part and reversing in part this court's final order denying habeas relief. *Williams v. Warden*, 908 F.3d 546 (9th Cir. 2018). The court of appeals ordered as follows:

> [W]e conclude that the district court erred by denying Williams equitable tolling, which requires us to reverse the court's dismissal of Claims 1(C), 1(D), 1(E), 1(H), 1(I), 1(J), 9, and 14 and remand for further proceedings as to those claims. We reverse the district court's denial of Williams' request for an evidentiary hearing on Claim 1(F) and remand for the district court to conduct an evidentiary hearing as to that claim.

*Id*. at 581. Petitioner Cary W. Williams has moved to expand the evidentiary hearing beyond Claim 1(F) to include the remaining claims. ECF No. 264. The respondents oppose the motion for all claims except for Claim 1(H), which is encompassed by Claim 1(F)). ECF No. 277. For reasons that follow, I will deny the motion for the remaining claims.

**1. Claims 1(C), 9, and 14.**

Claims 1(F), 1(C), 9, and 14 are the remaining claims in Williams' third amended petition (ECF No. 135) that are not procedurally defaulted. In addressing Williams' right to an evidentiary hearing on Claim 1(F), the court of appeals stated:

> Williams is entitled to an evidentiary hearing if he can (1) "show that he has not failed to develop the factual basis of the claim in the state courts"; (2) meet one of

---

[1] William Gittere is substituted as the warden respondent in this case. *See* Fed. R. Civ. P. 25(d).

> the factors identified by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); and (3) "make colorable allegations that, if proved at an evidentiary hearing, would entitle him to habeas relief." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005).

*Williams*, 908 F.3d at 564–65. The court of appeals determined Williams met all three criteria for Claim 1(F). *Id.* at 565-71.

In considering whether Williams should have received an evidentiary hearing in this court on other claims, the Ninth Circuit recognized the statutory limitations:

> Section 2254(e)(2) states that if a petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim," with certain statutory exceptions not relevant here. Section 2254(e)(2) bars an evidentiary hearing in federal court if the failure to develop the factual basis of a claim in state court is attributable to a "lack of diligence or some other fault" on the petitioner's part. *Williams v. Taylor*, 529 U.S. 420, 434, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

*Id.* at 572.

Williams argues that he was diligent in trying to develop the factual basis for Claims 1(C), 9, and 14, but the Nevada courts failed to provide him an evidentiary hearing. He contends he is entitled to a hearing on these claims under the first analysis above.

In Claim 1(C), Williams alleges that his trial counsel provided ineffective assistance of counsel by advising him to enter a guilty plea to a burglary charge. ECF No. 153 at 30-31. The respondents dispute Williams' claim that he was deprived of an opportunity to develop facts in support of the claim in state court, citing to an evidentiary hearing held in state court in 1984.

Williams points out that the 1984 evidentiary hearing occurred in a different proceeding than the one in which he exhausted state court remedies for Claim 1(C). *See* ECF No. 165 at 15 ("Claim 1(C) was exhausted in the state post-conviction proceeding that Williams initiated on July 6, 1988, in the Second Judicial District Court and concluded on July 12, 1988, when the Nevada Supreme Court dismissed his appeal."). Williams is correct that the state court did not conduct an evidentiary hearing on the 1988 petition. But that does not excuse his failure to develop the factual basis for the claim in state court.

In reaching this conclusion, I look to the Ninth Circuit's treatment of Claim 1(G). Williams presented that claim in his 1992 state petition. *Williams*, 908 F.3d at 571.  In affirming this court's finding that Williams failed to develop the factual basis of Claim 1(G) in state court, the Ninth Circuit reasoned that "[a]ll of the information contained in the documentary evidence at issue could have been presented in Williams' first petition for state post-conviction relief in 1984, had his counsel been diligent in discovering it." *Id*. at 572 (parenthetical omitted).  Thus, even though Claim 1(G) was not presented until a later proceeding, the Ninth Circuit found lack of diligence based on counsel's failure to develop the factual basis for the claim in Williams' first state post-conviction proceeding in 1984.  The same reasoning applies to Claim 1(C).  On that basis, Williams' request to expand the evidentiary hearing to include Claim 1(C) is denied.

In Claim 9, Williams alleges a violation of his constitutional rights due to the trial court's admission of his statements made in custody after his request to consult with an attorney. ECF No. 135 at 88-92.  In Claim 14, Williams alleges a violation of his constitutional rights because his trial was held in "an unfairly prejudicial atmosphere" and the trial court refused to change the venue of the trial. *Id*. at 106-11.  The respondents argue that both claims are barred under the holding in *Tollett v. Henderson*, 411 U.S. 258 (1973).

> In *Tollett*, the United States Supreme Court held that:
> a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea. . . .

411 U.S. at 267.

Williams argues *Tollett* does not bar Claim 9 because the statements at issue were admitted during the penalty phase of his trial.  While he does not cite any authority for this position, the respondents fail to address it in their response. ECF No. 280 at 2, 17-19.  Because the alleged constitutional error arguably occurred when the statements were admitted, as opposed

to when they were taken, I am not convinced that *Tollett* bars Claim 9. Nonetheless, Williams has not met the burden of showing he was diligent in developing the factual basis for this claim in state court.

Prior to trial, Williams' trial counsel filed a motion to suppress the statements, which the trial court denied. ECF No. 173-2 at 17-22; ECF No. 285-1; ECF No. 285-2. Williams raised the issue in a consolidated direct appeal and appeal from his first post-conviction proceeding. ECF No. 173-15 at 45-52. His opening brief in that appeal includes a concession that trial counsel and post-conviction counsel were ineffective by not pursuing a *Jackson v. Denno* hearing.[2] *Id*. at 52. Williams raised the issue again in his 1988 state post-conviction petition.[3] The court did not hold a hearing in that proceeding, but as discussed above in relation to Claim 1(C), that does not excuse his failure to develop the factual basis for the claim in an earlier proceeding. Section 2254(e)(2) bars an evidentiary hearing on Claim 9.

Williams argues *Tollett* does not bar Claim 14 because the trial court's refusal to grant a change of venue rendered his guilty plea involuntary. The respondents dispute this by noting that Williams made only scant references in his appellate briefing to venue impacting his plea decision. ECF No. 280 at 19 (citing ECF No. 173-15 at 37, 45). Here again, however, I need not resolve the *Tollett* issue because Williams has not demonstrated that his failure to develop the factual basis for the claim in state court was attributable to something other than his lack of diligence.

---

[2] A *Jackson v. Denno* hearing is an evidentiary hearing, outside the presence of the jury, where the court inquires as to the voluntariness of the defendant's confession. *Jackson v. Denno*, 378 U.S. 368, 392 (1964). The hearing allows the court to determine the factual context surrounding a defendant's confession. *Id*.

[3] Williams filed two state post-conviction petitions in 1988, one in in the Second Judicial District on or about July 6, 1988, and one in the First Judicial District on or about July 8, 1988. ECF No. 173-16 at 9-23. Both petitions were dismissed by the respective courts, and the appeal by the Supreme Court of Nevada addressed the denial of the petitions in a single combined appeal. *Id*. at 25-27. In that appeal, the court found that each of the claims was defaulted because they were, or could have been, brought previously. *Id*.

Prior to trial, Williams' trial counsel filed a motion for change of venue, which the trial court denied. ECF No. 173-2 at 29-43. As with Claims 1(C) and 9, Williams did not avail himself of the opportunity to develop facts in support the claim in state court prior to raising the claim again in his 1988 state post-conviction petition. Thus, section 2254(e)(2) bars an evidentiary hearing on Claim 14.

### 2. Claims 1(D), 1(E), 1(I), and 1(J)

Claims 1(D), 1(E), 1(I), and 1(J) allege ineffective assistance of counsel. These are procedurally defaulted because Williams presented them for the first time in a 2003 state petition that the Supreme Court of Nevada dismissed as untimely under Nevada law. ECF No. 165 at 4-13; *Williams*, 908 F3d at 561 n. 1. In Claim 1(D), Williams alleges that his trial counsel provided ineffective assistance of counsel during the jury selection phase of his trial. ECF No. 153 at 31-34. In Claim 1(E), he alleges counsel was ineffective by inducing him to plead guilty based upon her claim that she was personal friends with the trial judge, who would not sentence him to death. *Id*. at 34-35. In Claim 1(I), he alleges counsel was ineffective by allowing her defense strategy to be disclosed to co-defendant's counsel. *Id*. at 56-57. In Claim 1(J), he alleges counsel was ineffective by failing to raise certain objections or bring certain motions. *Id*. at 57-58.

As mentioned above, the Ninth Circuit has directed this court to determine whether Williams' procedural default of these claims is excused under the rule established in *Martinez v. Ryan*. *Williams*, 908 F3d at 561 n. 1. In *Martinez*, the Supreme Court created a narrow, equitable exception to the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), that attorney error cannot provide cause for a procedural default if a petitioner had no constitutional right to counsel in a proceeding in which the default occurred. 566 U.S. at 9. The Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 17.

Williams argues he is entitled to an evidentiary hearing to establish both the ineffectiveness of his counsel in his initial post-conviction review proceeding and the merits of the underlying ineffective assistance of counsel claims. Section 2254(e)(2) does not restrict the court from holding an evidentiary hearing for this purpose. *Jones v. Shinn*, 943 F.3d 1211, 1215 (9th Cir. 2019) ("We hold that 28 U.S.C. § 2254(e)(2), which precludes evidentiary hearings on claims that were not developed in state court proceedings, did not prohibit the district court from considering the evidence adduced at the *Martinez* hearing to determine the merits of [petitioner's] underlying IAC claim."). William does not identify, however, a factual issue raised by his defaulted IAC claims that requires an evidentiary hearing to resolve. Both the *Martinez* issue and the underlying merits of these claims can be resolved based on the existing state court record. Thus, Williams' request for an evidentiary hearing on these claims is denied. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."); *see also Beardslee v. Woodford*, 358 F.3d 560, 585 (9th Cir. 2004).

I THEREFORE ORDER that Williams' motion for an evidentiary hearing **(ECF No. 204) is GRANTED in part**. The motion is granted with respect to Ground 1(H). The motion is DENIED in all other respects.

Due to the COVID-19 pandemic, the court is presently limiting the number of in-person hearings. In order to facilitate scheduling the hearing, I order counsel to confer about at least the following issues:

(1) whether the evidentiary hearing can be conducted by video conference instead of in-person;

(2) if the hearing is to be conducted in person, how much time is needed to arrange to transport Mr. Williams to Las Vegas for the hearing;

(3) how much time counsel needs with Mr. Williams to prepare for the hearing;

(4) how many witnesses will be called at the hearing (and their identities);

(5) how long the hearing will last;

(6) whether there will be any expert witnesses and whether expert reports will be produced;

(7) whether any pre-hearing motions or briefs are anticipated; and

(8) when the parties prefer the hearing to be scheduled.

By January 11, 2021, the parties shall file a joint Notice specifying this information (and their disagreements, if any).  I will use that information when scheduling the evidentiary hearing.

Dated: November 28, 2020

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE