Rene L. Valladares
Federal Public Defender
Nevada Bar No. 11479
*Randolph M. Fiedler
Assistant Federal Public Defender
Nevada Bar No. 12577
Randolph_Fiedler@fd.org
Heather Fraley
Assistant Federal Public Defender
Texas Bar No. 24050621
Heather_Fraley@fd.org
Brad D. Levenson
Assistant Federal Public Defender
California Bar No. 166073
Brad_Levenson@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-5819 (fax)

*Attorney for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Cary Williams,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>William Gittere, *et al.*,<br><br>　　　　Respondents. | Case No. 2:98-cv-00056-APG-VCF<br><br>**Stipulation and Proposed Scheduling Order to Continue Proceedings 90 days**<br><br>DEATH PENALTY CASE. |

In January of this year, the parties filed a Joint Notice Re Evidentiary Hearing Scheduling, pursuant to this Court's Order instructing the parties to confer regarding a number of issues related to the evidentiary hearing in this case.[1] In light of that joint notice, this Court scheduled the hearing for January 24, 2022, and also scheduled deadlines to correspond with that hearing date.[2]

IT IS HEREBY STIPULATE AND AGREED that:

1. Last week, the parties conferred because counsel for Cary Williams needed to request an additional two weeks for the First Expert Disclosure.[3] During that conference, counsel for Mr. Williams also made the State aware of ongoing concerns related to witness safety and the pandemic. As the Court is undoubtedly aware, the COVID-19 pandemic continues to pose challenges, and this summer has presented a spike in new cases.[4] A number of Mr. Williams's witnesses are older or have medical conditions.

2. At the time the parties conferred and asked for a late-2021 hearing date, the parties believed the pandemic would be mostly under control (as reported by news organizations) and, thus, travel, lodging, and participating in the hearing would be safe for all.  However, the parties are concerned about the risk posed to witnesses (both lay and expert) as well as court staff and attorneys, in holding the hearing in January.

---

[1] *See* ECF Nos. 287, 286.
[2] ECF No. 288.
[3] *See* ECF No. 288 at 1 (parties to disclose experts on Oct. 5, 2021).
[4] *See Coronavirues in Nevada: Latest COVID-19 case counts, maps and graphs*, The Nev. Independent (last updated Sept. 29, 2021).

3. The parties wish to emphasize that, in the time since this Court issued the scheduling order in this case, the parties have been active in preparing for the hearing. However, the pandemic has posed challenges. For example, one of Mr. Williams's experts had to delay a trip to see Mr. Williams because Ely State Prison had a COVID-related lockdown. Though meeting with witnesses has been possible, precautions related to the pandemic have made it more difficult to schedule these meetings and to conduct travel for them.

4. In addition to pandemic-related concerns, counsel for Respondents experienced increased workloads over the past year due to division changes, internal transfers, and related training responsibilities, as well as increased coverage responsibilities due to multiple colleagues' planned and unplanned medical leave. Unfortunately, Respondents' counsel were unable to anticipate these changes when the parties entered into the original agreement. Circumstances have since stabilized, but the impact on time has been significant, and Respondents' counsel support the 90-day continuance.

5. Additionally, Ms. Fraley and Mr. Finlayson will have oral argument before the Ninth Circuit in February of 2021.

6. The parties hope that 90-days will be sufficient because the number of vaccinated individuals and mandates continue to rise, and hopefully will correlate with a downward trend in COVID-19 infections. The parties agree that 90-days will be sufficient to address any non-pandemic related concerns. Thus the parties agreed to request a continuance of the hearing—and the related deadlines—for ninety (90) days.

7. The parties ask this Court to modify its previous order and adopt the following schedule for this evidentiary hearing.[5]

    (a) The evidentiary hearing will take place in May 2022.[6]

    (b) The first disclosure of experts will occur on January 3, 2022.

    (c) The second disclosure of experts will occur on January 17, 2022.

    (d) Mr. Williams's pre-hearing brief will be due on February 14, 2022. The State's responsive pre-hearing brief will be due on February 28, 2022. Mr. Williams's reply will be due on March 7, 2022.

    (e) The witness lists and exhibits list will be due on March 10, 2022.

    (f) Pre-hearing motions will be due on March 17, 2022. Any oppositions or replies will be governed by LR 7-2(b).

    (g) No later than five days before the hearing begins, the parties will mark and submit exhibits.

/ / /

/ / /

/ / /

---

[5] If this Court declines to adopt this stipulated schedule, counsel for Mr. Williams requests a 2-week extension for the First Disclosure of Experts, and the adjustments necessary to the scheduling order to accommodate that 2-week extension. The State does not oppose this request. If this Court denies the request for a 90-day continuance, the parties can confer and propose a new scheduling order to accommodate the 2-week extension for the First Disclosure of Experts, while maintaining the January 25, 2022 hearing date.

[6] Ninety days from January 25, 2022 is April 25, 2022. However, counsel for Mr. Williams has determined that there are too many scheduling conflicts with witnesses for that week.

(h) The parties will continue to file status reports at three-month intervals, consistent with the January 14, 2021 order.

Dated this 30th day of September, 2021.

| | |
|---|---|
| Rene L. Valladares<br>Federal Public Defender | Aaron Ford<br>Attorney General of Nevada |
| */s/ Randolph M. Fiedler*<br>Randolph M. Fiedler<br>Assistant Federal Public Defender | */s/ Jessica Perlick*<br>Jessica Perlick<br>Senior Deputy Attorney General |
| */s/ Heather Fraley*<br>Heather Fraley<br>Assistant Federal Public Defender | */s/ Charles L. Finlayson*<br>Charles L. Finlayson<br>Senior Deputy Attorney General |
| */s/ Brad Levenson*<br>Brad Levenson<br>Assistant Federal Public Defender | |

# ORDER

The parties have submitted a stipulation requesting this Court extend by 90 days all deadlines in this case and re-scheduling the hearing to May 2022. Based on this stipulation and for good cause shown, it is hereby ordered that the following schedule will govern the evidentiary hearing.

### The Evidentiary Hearing

The evidentiary hearing will commence on May 16, 2022, at 9:00 a.m., in Las Vegas courtroom 6C.

### First Disclosure of Experts

By **January 3, 2022**, the parties will disclose to each other the names of any experts who will testify, accompanied by a written report for each expert in compliance with Fed. R. Civ. P. 26(a)(2)(B). Such disclosure will be made by email or other informal means. The parties need not file formal notices.

### Second Disclosure of Experts

By **January 17, 2022**, the parties will disclose to each other the names of any rebuttal experts, accompanied by a written report for each expert in compliance with Fed. R. Civ. P. 26(a)(2)(B). Such disclosure will be made by email or other informal means. The parties need not file formal notices.

### Pre-Hearing Briefs

Williams will submit a pre-hearing brief by **February 14, 2022**. The respondents will file a responsive pre-hearing brief by **February 28, 2022**. Williams may file a reply to the respondents' brief by **Mar. 7, 2022**.

Witness List and Exhibit List

The parties will file witness lists and exhibit lists no later than **March 10, 2022**. The parties will file a joint exhibit list, identifying the exhibits they agree are admissible. The parties will file separate lists of exhibits that the parties do not agree are admissible.

Pre-Hearing Motions

The parties will file any pre-hearing motions by **March 17, 2022**. The schedule for the briefing of such motions will be as set forth in Local Rule 7-2(b).

Marking and Submission of Exhibits

The parties are to contact Melissa Johansen, at 702-464-5415, no less than five calendar days before the evidentiary hearing to arrange to mark and submit exhibits.

Status Reports

The parties will continue to file, at three-month intervals and continuing until the hearing, joint status reports regarding the feasibility of adhering to this scheduling order in light of the COVID-19 pandemic, consistent with this Court's January 14, 2022 order. *See* ECF No. 288 at 2.

Dated this __1st__ day of __October__, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE