UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cary Wallace Williams,<br><br>                          Petitioner,<br><br>v.<br><br>William Reubart,[1] et al.,<br><br>                          Respondents. | Case No. 2:98-cv-00056-APG-VCF<br><br>**Order**<br><br>[ECF No. 323] |

    I conducted an evidentiary hearing in this case on May 18-20, 2022. At the conclusion of the hearing, counsel for the respondents asked to file autopsy photographs of Williams' victims, preferably under seal. The photographs had been admitted as evidence during the penalty phase of Williams' trial. Williams' counsel objected, claiming lack of notice and authentication. I directed the parties to confer on the matter and, if necessary, file motions. The respondents now move to file the photographs under seal. ECF No. 323. I grant the motion.

    Under the Ninth Circuit's remand, I am required to "assess[] whether there is a reasonable probability that Williams would have received a different sentence" if his counsel had presented mitigating evidence that she omitted due to her ineffectiveness. *Williams v. Filson*, 908 F.3d 546, 571 (9th Cir. 2018). That is, I must determine whether there is a reasonable probability the three-judge panel that sentenced Williams "would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The Ninth Circuit directed me to "consider 'the totality of the available mitigation evidence,' . . . and 'reweigh[ ] it against the evidence in aggravation,' bearing in mind that two of the four aggravating factors considered at Williams' sentencing have since been stricken." *Id.* (citation omitted).

---

[1] The current warden of Ely State Prison, William Reubart, is substituted for his predecessor, William Gittere, as the primary respondent. *See* Fed. R. Civ. P. 25(d).

The autopsy photographs fall within the category of evidence in aggravation I am to consider under the Ninth Circuit's remand. And because the photographs were admitted as evidence at Williams' penalty phase trial,[2] the respondents do not need to establish an independent basis for their admissibility in order for me to include them in my *Strickland* prejudice analysis. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("In assessing prejudice, we reweigh the evidence in aggravation against the totality of available mitigating evidence."); *see also Washington v. Shinn*, 21 F.4th 1081, 1095 (9th Cir. 2021) ("In reweighing this evidence, we must take as our baseline the evidence of aggravation and mitigation offered at trial and the resulting sentence.") Thus, there is no merit to Williams' argument that, with proper notice, he would have moved to exclude the photographs as irrelevant or as more prejudicial than probative. For the purposes of my review, the issue of admissibility was resolved by the sentencing court.

Similarly, the fact that the photographs were presented as evidence at his trial also undermines Williams's claim of "trial by ambush." In fact, he had an expert review the photographs in 1999 to support a separate claim that his counsel was ineffective in the penalty phase. *See* ECF No. 136-3 at 89; *Williams*, 908 F.3d at 574. Williams faults the respondents for not including the photographs on their pre-hearing exhibit list, but the photographs were outside the scope of the hearing's mandated purpose, which was for Williams to further develop the evidence underlying Claim 1(F) of his habeas petition. *See id.* at 571 ("Once the evidence underlying [Claim 1(F)] has been further developed, the district court will be in a position to determine whether Williams is entitled to relief."). The photographs are not a belated evidentiary hearing exhibit, but rather a relevant supplement to the state court record subject to federal habeas review. As such, the respondents should be permitted to file them in this case.

---

[2] In his response to the motion, Williams does not raise authentication as an issue. Thus, I assume that after conferring with the respondents he does not dispute that they are certified copies of the original exhibits presented to the state court.

I THEREFORE ORDER that the respondents' motion to file portions of the state court record under seal **(ECF No. 323) is GRANTED**.  The respondents are permitted to file under seal[3] Exhibits H1-H17 from the penalty phase of Williams' trial.

Dated: October 7, 2022

```
                                        ANDREW P. GORDON
                                        UNITED STATES DISTRICT JUDGE
```

---

[3] The parties agreed that, should I grant the respondents' motion, the photographs should be filed under seal. ECF No. 323 at 1-2, ECF No. 326 at 3.  I concur that there are sufficiently compelling reasons for filing under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).